**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-1806**

———————

NOAH BEFEKADU-ASHENE,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted: February 2, 2010   Decided: February 26, 2010

———————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Alan D. Dobson, Leake Fesseha, ALAN DOBSON & ASSOCIATES, Arlington, Virginia, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Michael C. Heyse, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Noah Befekadu-Ashene ("Ashene"), a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") sustaining in part and dismissing in part his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

Ashene argues that an investigation into a portion of his claim undertaken by the Consular Section of the United States Embassy in Ethiopia at the request of the Department of Homeland Security ("DHS") breached his protection against having information regarding his request for asylum leaked to Ethiopian officials. 8 C.F.R. § 208.6(a) (2009) provides that "[i]nformation contained in or pertaining to any asylum application . . . shall not be disclosed without the written consent of the applicant[.]" The DHS must coordinate with the State Department to insure that that confidentiality of records transmitted to the State Department is maintained. 8 C.F.R. § 208.6(b).

> As DHS recognizes, the confidentiality regulations are of utmost importance in protecting asylum applicants because the regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of the

2

> claimant's family members who may still be residing in the country of origin.

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (internal quotation marks omitted). If there is a breach of confidentiality, the asylum applicant is given a second opportunity to file an asylum application or other form of relief based on the breach. Id.

> Confidentiality is breached:
>
> when information contained in or pertaining to an asylum application is disclosed to a third party in violation of the regulations, and the unauthorized disclosure is of a nature that allows the third party to link the identity of the applicant to: (1) the fact that the applicant has applied for asylum; (2) specific facts or allegations pertaining to the individual asylum claim contained in an asylum application; or (3) *facts or allegations that are sufficient to give rise to a reasonable inference that the applicant has applied for asylum.*

*Lin v. Department of Justice*, 459 F.3d 255, 263 (2d Cir. 2006) (citations and internal quotation marks omitted). All that is required to show a breach is evidence from which a reasonable inference may be made that the foreign official learned of the subject having applied for asylum. "Whether an applicant satisfies this objective test is a matter of law, and our review of the issue is de novo." *Anim*, 535 F.3d at 255 (citing *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Averianova v. Mukasey*, 509 F.3d 890, 899-900 (8th Cir. 2007); *Lin*, 459 F.3d at 264-65 ("[T]he relevant issue is whether the

3

information disclosed by the government was sufficient to give rise to a reasonable inference that Lin had applied for asylum.")).  We find the evidence regarding the investigation does not give rise to a reasonable inference that Ashene applied for asylum.  Accordingly, we conclude that Ashene's protection against improper disclosure about his request for asylum was not breached.

Ashene also challenges the adverse credibility finding.  The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee.  8 U.S.C. § 1158(a), (b) (2006).  It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A) (2006).  "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ."  Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country

4

on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

"Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that [his] life or freedom would be threatened in the country of removal because of [his] race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009), cert. denied, __ S. Ct. __, 2010 WL 58386 (U.S. Jan. 11, 2010) (No. 09-194). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted) (alteration added).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v.

Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009). The REAL ID Act of 2005 also amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005, as is the case here. Such determinations are to be made based on the totality of the circumstances and all relevant factors, including:

> the *demeanor, candor, or responsiveness* of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.

8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (emphasis added).

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and

6

cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538.

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning when it adopted the immigration judge's decision, this court will review both decisions. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the adverse credibility finding. The immigration judge and the Board made note of specific and cogent reasons that cast doubt on Ashene's claim that he was persecuted. Furthermore, there is a lack of credible evidence showing a well-founded fear of persecution. The record does not compel a different result.

Because Ashene failed to show past persecution or evidence of significant political activity while in Ethiopia, we

7

find substantial evidence supports the finding that Ashene failed to show it was more likely than not he will be tortured if he returns to his native country. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2009).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>